IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW R. THOMAS,

    **Plaintiff,**

    v.                                        CASE NO. 22-3026-SAC

CENTURION,

    **Defendant.**

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

Plaintiff Matthew R. Thomas is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein. Plaintiff's eight pending motions also before the Court are denied, as explained below.

### I. Nature of the Matter before the Court

Plaintiff filed this *pro se* civil rights case under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*. (Doc. 7.) Plaintiff, a state prisoner, is currently confined at the Lansing Correctional Facility ("LCF") in Lansing, Kansas.

Plaintiff alleges that Centurion, the private company contracted to provide medical care to the inmates at LCF, has committed malpractice. Plaintiff asserts that he has been sick since January 10, 2022, with a suspected second COVID-19 infection. He states that he submitted a sick call request to be tested, and Defendant did not respond until a corrections officer contacted the clinic on Plaintiff's behalf. Plaintiff alleges he was not tested until January 18, 2022, and he has been sick in bed for 12 days and remains extremely sick with a fever and chest pains. Plaintiff

further claims that LCF is the only Kansas Department of Corrections (KDOC) facility where delayed testing occurs.

Plaintiff names Centurion as the only defendant. Plaintiff does not specify what relief he seeks.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106,

1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S.

Ct. at 1974).

## III.  DISCUSSION

Plaintiff's Complaint is subject to dismissal for the following reasons.

### A.  Failure to state a claim against Centurion

Plaintiff names one defendant, Centurion.  Centurion is a private corporation that contracts with the state to provide medical care to the prisoners at LCF.  A private party that violates the constitutional rights of another while acting under color of state law is subject to suit under § 1983.  However, in the Tenth Circuit, "to hold a corporation liable under § 1983 for employee misconduct, a plaintiff must demonstrate the existence of the same sort of custom or policy that permits imposition of liability against municipalities under *Monell v. Department of Social Services,* 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)."  *Wishneski v. Andrade*, 572 F. App'x 563, 567 (10th Cir. 2014) (unpublished) (citations omitted).  Plaintiff must allege an official policy of Centurion that is the "moving force" of a violation of his constitutional rights.  *Monell*, 436 U.S. at 694-95.  Plaintiff has failed to allege the requisite causative custom or policy.  This action is therefore subject to dismissal.

### B.  Failure to state a claim under § 1983

Plaintiff alleges that Centurion and possibly unnamed Centurion employees committed malpractice by failing to test him for COVID-19 sooner.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).

Plaintiff asserts only that Centurion committed malpractice. A claim for medical malpractice is a state cause of action. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Plaintiff makes no reference to any federal constitutional provision or federal law, and the Court is not free to construct a legal theory on his behalf. Thus, the Complaint is subject to dismissal because Plaintiff has not adequately alleged a federal constitutional violation.

**C. Failure to exhaust administrative remedies**

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust his administrative remedies prior to filing a lawsuit in federal court regarding prison conditions. *Id*. Section 1997e(a) expressly provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

*Id*. This exhaustion requirement "is mandatory, and the district court [is] not authorized to dispense with it." *Beaudry v. Corrections Corp. of Am.*, 331 F.3d 1164, 1167 n. 5 (10th Cir. 2003), *cert. denied*, 540 U.S. 1118 (2004); *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010).[1] While failure to exhaust is an affirmative defense and a plaintiff is generally not required to plead it in the Complaint, when that failure is clear from materials filed by Plaintiff, the Court may sua sponte require Plaintiff to show that he has exhausted. *See Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007) (acknowledging district courts may raise exhaustion question sua sponte, consistent with 42 U.S.C. § 1997e(c)(1) and 28 U.S.C. §§ 1915 and 1915A and dismiss prisoner

---

[1] To satisfy this requirement, a prisoner must fully comply with the institution's grievance procedures. *Jones v. Bock*, 549 U.S. 199, 218 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006); *Little,* 607 F.3d at 1249 (The "inmate may only exhaust by properly following all the steps laid out in the prison system's grievance procedures.") (citing *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim. . .." *Id.* (citing *Jernigan v. Stuchell,* 304 F.3d 1030, 1032 (10th Cir. 2002)).

complaint for failure to state a claim if it is clear from face of complaint that prisoner has not exhausted administrative remedies).

The Kansas Department of Corrections (KDOC) makes a four-step grievance procedure available to its inmates, which must begin with an attempt at informal resolution, and thereafter proceed through three "levels of problem solving." KS ADC 44-15-101, -102. The second level is a grievance submitted to a Unit Team member. KS ADC 44-15-101 (d). Next, the inmate may appeal to the Warden, and ultimately to the Secretary of Corrections. *Id.*

This action is subject to dismissal because it appears from the face of the Complaint that Plaintiff failed to fully and properly exhaust all available prison administrative remedies on his claim prior to filing this action in federal court. While Plaintiff alleges he submitted Form 9s to his Unit Team, as well as sick call forms, the time frame makes it very unlikely that he followed the proper grievance process starting at the requisite initial level and appealing to the highest level. Because failure to exhaust appears from the face of the Complaint, Plaintiff is required to show that he has fully and properly exhausted on the ground raised in the Complaint.

## IV. Response and/or Amended Complaint Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[2] Plaintiff is

---

[2] To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint.  *See* Fed. R. Civ. P. 15.  An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it.  Therefore, any claims or allegations not included in the amended complaint are no longer before the court.  It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.  Plaintiff must write the number of this case (22-3026-SAC) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint.  *See* Fed. R. Civ. P. 10(a).  Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances.  Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

given time to file a complete and proper amended complaint in which he (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice.

## V.  Motions

Plaintiff has filed eight motions.

Motion for Trial (Doc. 4) – Plaintiff requests a trial on his claim.  However, the Complaint is subject to dismissal, as explained above.  The motion is denied at this time.

Motions to Show Cause (Docs. 6, 8, 10, 11) – Plaintiff requests an answer from Defendant. Because it is not clear that the Complaint will survive screening, Defendant has not been served and is not yet required to respond to Plaintiff's allegations.  The motions are denied.

Motion for Issuance of Summons (Doc. 9) – Plaintiff requests the issuance of summons and that Defendant be ordered to answer the Complaint.  The motion is denied for the reason explained above.

Motion to Show Administrative Remedies (Doc. 12) – Plaintiff states that he is demonstrating that he exhausted his administrative remedies and attaches several sick call forms and a response from the warden to one grievance.  The grievance does not appear to involve the allegations made in Plaintiff's Complaint.  To the extent this is a motion, it is denied.

The Court notes that in several of the motions, Plaintiff attempts to raise new allegations. To add facts or claims to his Complaint, Plaintiff must file an amended complaint.

Motion to Appoint Counsel (Doc. 13) - Plaintiff asks the Court to appoint an attorney to represent him because he is incarcerated and cannot afford to hire one.  He states that he has attempted to contact four attorneys.

Plaintiff's request for the appointment of counsel is denied at this time.  There is no constitutional right to the appointment of counsel in a civil case.  *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995).  The decision whether to appoint counsel in a civil matter lies within the discretion of the district court.  *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).  "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."  *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006), quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).  It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case."  *Steffey*, 461 F.3d at 1223, quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).  In deciding whether to appoint counsel, the district court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims."  *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115.

Considering these factors, the Court concludes that it does not appear that Plaintiff has asserted a colorable claim.  The Court has not yet made the determination of whether or not Plaintiff's claim survives the initial screening required by 28 U.S.C. § 1915.  Therefore, the Court denies Plaintiff's motion for appointment of counsel at this time.  However, this denial is made

without prejudice. If it becomes apparent that appointed counsel is necessary as this case further progresses, Plaintiff may renew his motion.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **April 23, 2022,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **April 23, 2022**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

**IT IS FURTHER ORDERED** that Plaintiff's pending motions (Docs. 4, 6, 8, 9, 10, 11, 12, and 13) are **denied** for the reasons stated herein.

The clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated March 23, 2022, in Topeka, Kansas.**

<u>S/ Sam A. Crow</u>
Sam A. Crow
U.S. Senior District Judge