IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MATTHEW R. THOMAS,**

          **Plaintiff,**

          v.                                      CASE NO. 22-3026-SAC

**CENTURION, et al.,**

          **Defendants.**

### MEMORANDUM AND ORDER

This matter is a civil rights action. By order dated March 23, 2022 (Doc. 14; "MOSC"), the Court directed Plaintiff to show cause why his Complaint should not be dismissed for failure to state a claim. In response to the MOSC, Plaintiff filed an amended complaint and a motion to dismiss. Plaintiff's Amended Complaint (Doc. 16) is before the Court for screening.

### I. Nature of the Matter before the Court

Plaintiff's Amended Complaint asserts that he has not received appropriate medical care while housed at the Lansing Correctional Facility ("LCF"). He states he is awaiting an ultrasound and sleep test that were ordered early in March of 2022. He alleges that he had sick calls on March 18 and March 28, 2022, and his blood pressure was low in both instances. The nurse told him to drink more water. Plaintiff alleges that this constitutes neglect. He further alleges that he has been labeled "sue happy" by facility staff.

Plaintiff names Warden Skidmore and Centurion as defendants. He requests relief in the form of $3.4 million for pain, suffering, and emotional distress.

On the same date, Plaintiff also filed a motion asking the Court to "please dismiss action against Defendant due to medical care is being completed properly now." (Doc. 15).

1

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  "Prisoner" is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915A(c).  Additionally, with any litigant, such as Plaintiff, who is proceeding in forma pauperis, the Court has a duty to screen the complaint to determine its sufficiency.  *See* 28 U.S.C. § 1915(e)(2).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it

3

innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. Discussion

The Court is confused by Plaintiff's two filings. It appears that in his motion he is attempting to dismiss or abandon his original claim where he alleged that he had not received proper care for a COVID-19 infection and then, in the Amended Complaint, bring a new claim based on different allegations.

In any event, Plaintiff's Amended Complaint fails to state a claim for violation of his constitutional rights. Plaintiff's allegations do not demonstrate the "deliberate indifference to serious medical needs" that is required to state a claim for an Eighth Amendment violation. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The deliberate indifference standard "requires a plaintiff to satisfy both an objective component (a sufficiently serious deprivation) and a subjective component (deliberate indifference on the part of the official responsible)." *White v. Kansas Dep't of Corr.*, 664 F. App'x 734, 741–42 (10th Cir. 2016) (citing *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998)). Plaintiff's allegations do not satisfy either prong of the standard.

Plaintiff mentions a delay in receiving ordered medical tests and a disagreement with a medical provider's treatment recommendation. Neither of these constitute deliberate indifference. Delay in providing medical care does not violate the Eighth Amendment, unless there has been deliberate indifference resulting in substantial harm. *Olson v. Stotts*, 9 F.3d 1475 (10th Cir. 1993). In situations where treatment was delayed rather than denied altogether, the Tenth Circuit requires a showing that the inmate suffered "substantial harm" as a result of the delay. *Garrett v. Stratman*,

4

254 F.3d 946, 950 (10th Cir. 2001); *Kikumura v. Osagie*, 461 F.3d 1269, 1292 (10th Cir. 2006). Plaintiff makes no such showing.

Moreover, a mere difference of opinion between the inmate and prison medical personnel regarding diagnosis or reasonable treatment does not constitute cruel and unusual punishment. *See Estelle*, 429 U.S. at 106–07; *Handy v. Price*, 996 F.2d 1064, 1067 (10th Cir. 1993) (affirming that a quarrel between a prison inmate and the doctor as to the appropriate treatment for hepatitis did not successfully raise an Eighth Amendment claim); *Ledoux v. Davies*, 961 F.2d 1536 (10th Cir. 1992) (plaintiff's contention that he was denied treatment by a specialist is insufficient to establish a constitutional violation); *El'Amin v. Pearce*, 750 F.2d 829, 833 (10th Cir. 1984) (A mere difference of opinion over the adequacy of medical treatment received cannot provide the basis for an Eighth Amendment claim.). Where the complaint alleges a "series of sick calls, examinations, diagnoses, and medication," it "cannot be said there was a 'deliberate indifference' to the prisoner's complaints." *Smart v. Villar*, 547 F.2d 112, 114 (10th Cir. 1976). As the United States Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medial mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.

*Estelle*, 429 U.S. at 105–106 (footnote omitted). The prisoner's right is to medical care-not to the type or scope of medical care he personally desires. A difference of opinion between a physician and a patient or even between two medical providers does not give rise to a constitutional right or sustain a claim under § 1983. *Coppinger v. Townsend*, 398 F.2d 392, 394 (10th Cir. 1968).

Plaintiff's complaint that unidentified staff members are calling him "sue happy" also fails to state a claim under § 1983. "Prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his 'constitutional rights.'" *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990); *Penrod v. Zavaras*, 94 F.3d 1399, 1404 (10th Cir. 1996). "Government retaliation against a plaintiff for exercising his or her First Amendment rights may be shown by proving the following elements: (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct." *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007). Here, merely labeling Plaintiff as "sue happy" is not a sufficient injury to support a claim of constitutional deprivation. *See Markovick v. Werholtz*, No. 10-3257-SAC, 2012 WL 415456, at *4 (D. Kan. Feb. 9, 2012) (finding verbal harassment or taunts do not rise to the level of unconstitutional retaliation).

In addition to failing to state a claim for violation of his constitutional rights, Plaintiff fails to state a claim against either defendant. As previously explained to Plaintiff in the MOSC, Centurion is a private corporation that contracts with the state to provide medical care to the prisoners at LCF. A private party that violates the constitutional rights of another while acting under color of state law is subject to suit under § 1983. However, in the Tenth Circuit, "to hold a corporation liable under § 1983 for employee misconduct, a plaintiff must demonstrate the existence of the same sort of custom or policy that permits imposition of liability against municipalities under *Monell v. Department of Social Services,* 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)." *Wishneski v. Andrade*, 572 F. App'x 563, 567 (10th Cir. 2014)

6

(unpublished) (citations omitted).  Plaintiff must allege an official policy of Centurion that is the "moving force" of a violation of his constitutional rights.  *Monell*, 436 U.S. at 694-95.  Plaintiff has failed to allege the requisite causative custom or policy.

As for Defendant Skidmore, Plaintiff makes no allegation that he personally participated in any of the complained of conduct.  An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based.  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997).  Conclusory allegations of involvement are not sufficient.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").  As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

An official's liability may not be predicated solely upon a theory of respondeat superior.  *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008); *Gagan v. Norton*, 35 F.3d 1473, 1476 n.4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995).  To be held liable under § 1983, a supervisor must have personally participated in the complained-of constitutional deprivation.  *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988).  "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).  Because Plaintiff does not allege Defendant Skidmore's personal participation, Plaintiff has not stated a claim against him.

## IV.  Conclusion

For the reasons stated herein, the Court finds that the Amended Complaint fails to state a claim upon which relief may be granted and is therefore dismissed.

Section 1915(g) of the Prison Litigation Reform Act (PLRA) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The Court finds that dismissal of this matter counts as Plaintiff's second strike under the PLRA.  Thus, if Plaintiff accumulates one more strike, he will be unable to proceed *in forma pauperis* in future civil actions before federal courts unless he is under imminent danger of serious physical injury.

**IT IS THEREFORE ORDERED** that this action is **dismissed** for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED.**

**DATED:  This 15th day of April, 2022, at Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**SAM A. CROW**
**U.S. Senior District Judge**